Mr. Justice Richardson
delivered the opinion of the court:
The question- submitted is, whether the declarations of the payee indorsing a note, made after the note had been drawn, but prior to his indorsement, that the note had been given for an illegal consideration, is competent testimony to invalidate the note in the hands of an indorsee ?
It must be borne in mind, that by an Act of the Legislature, a note given for a gaming consideration is void in the hands of an indorsee', so that, the question before us is governed by the general rules of evidence, and not by any peculiar doctrine of the mercantile law, or of bills, notes,. &c. By the act, gaming‘takes a note out of the usual doctrine, and places the indorsee quoad hoc, in the situatioji of an assignee of an unnegotiable debt.
Now at common law, the acts, declarations and confessions of a party to a suit have been always received as the *243 highest evidence against such party, and in like manner the declarations, acts, &c. relating to the matter in dispute, made by a person while he was interested, is good evidence against a party claiming subsequently under such person. Were this not the rule, a debtor could not be safe in taking the receipt of his creditor. For instance, the obligee of a bond might give loose receipts, or acknowledge the bond paid in full; but 'if he afterwards assigned the bond, the assignee would hold the bond independent of such acknowledgment of receipts. In a word, there could be no reliance placed in a settlement with a debtor or arrangement with the owner of an estate, as he would have merely to assign the one or convey the other, in order to get rid of his own acts.
I take the general rule of the common law to be, that wherever the act or declaration of a party then interested, would be evidence against himself, such will be evidence against his subsequent assignee, or party claiming under him.
In the case before us, the payee and owner declared the note to have been given for a consideration, which, if thp true consideration, destroyed it, not only in his own hands but in the hands of an indorsee.
As then the indorsee claimed under the payee, such declaration is necessarily evidence against such indorsee, whose title and claim depend upon the former.
The motion is therefore refused.
Justices Gantt and Johnson, concurred.